UPPERMAN (MOCKBEE v.). See Case No. 9,687.

## Case No. 16,798.
### UPTON v. BURNHAM.
[3 Biss. 431;[1] 8 N. B. R. 221.]

District Court, N. D. Illinois. Jan., 1873.

CORPORATIONS — LIABILITY OF STOCKHOLDERS — WHO ARE STOCKHOLDERS—ASSIGNMENT OF SHARES.

1. A provision in the by-laws of a corporation requiring transfers of its capital stock to be made upon its books may be waived by the company, and if waived at the request of a purchaser of the stock, or with his assent, he becomes a stockholder, and directly liable for future assessments.

[Cited in Bank of Commerce v. Bank of Newport, 11 C. C. A. 484, 63 Fed. 901.]

[Cited in American Nat. Bank v. Oriental Mills, 17 R. I. 558, 23 Atl. 795.]

2. Slight evidence of mutual recognition of the relation of stockholder may establish the legal position and liability.

[Cited in brief in Richmond v. Commercial Hotel Co., 106 Ill. 444; Basting v. Northern Trust Co. (Minn.) 63 N. W. 723.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

3. A purchaser of stock taking an assignment in blank may, nevertheless, be liable for future assessments.

In bankruptcy. Motion for a new trial, after verdict for an unpaid subscription to stock, in a suit by the assignee in bankruptcy. The defendant, Telford Burnham, in the spring of 1871, purchased of one M. F. Hale fifteen shares of stock, of $1,000 each, in the Great Western Insurance Company of Chicago, upon which only twenty per cent. had been paid. The certificates were what were called "non-assessable," having those words stamped across their face, and contained the further clause that they were only transferable upon the books of the company upon surrender of the certificate, and were indorsed by Hale in blank, and so delivered. Burnham never had the certificates transferred to him on the books of the company, but about the time of taking the certificates he inquired of the president of the company concerning their value, and stated that he did not wish them transferred to him, as. he wished to avoid any liability. The insurance company became insolvent at the time of the fire of October 9th, 1871, but afterwards advertised that it would resume business, and the defendant, soon afterwards, going to the office of the company to inquire about its condition, was asked by one of the officers if he did not own some stock, to which he replied that he had taken some in a trade, but it had never been transferred to him; and on the request of the officer he showed him the certificate, from which a clerk in the office took a memorandum and entered defendant's name as a stockholder on the stock register, which they were then making up, all the books and papers of the company having been destroyed. The company afterwards was adjudicated a bankrupt on creditors' petition, and Clark W. Upton appointed assignee by the court, and an assessment was made upon the stockholders for the unpaid balances on their respective stock.

Boutell & Waterman, for assignee.
Hitchcock, Dupee & Evarts, for defendant.

HOPKINS, District Judge. Adhering to the views I expressed upon the trial, that the mere assignment of the certificate did not of itself constitute the assignee a stockholder, or create a liability upon the part of such transferee to pay the company the assessment in controversy, in support of which see Humble v. Langston, 7 Mees. & W. 517; Helm v. Swiggett, 12 Ind. 194; Mann v. Currie, 2 Barb. 294; Worrall v. Judson, 5 Barb. 210; Adderly v. Storm, 6 Hill, 624; Marlborough Manuf'g Co. v. Smith, 2 Conn. 579; and also that an equitable holder of stock is not liable to the corporation for stock assessments, Newry Ry. Co. v. Moss, 14 Beav. 64, still, I think I erred in directing a verdict for the defendant instead of submitting to the jury the question as to whether the conduct of the defendant was not equivalent to a request or assent on his part to the entry of his name upon the stock book as a stockholder, and also whether the company had not, by entering his name as a stockholder in the stock register, given him the position of a legal member, and recognized the transfer to him as sufficient, notwithstanding its want of conformity to the formal transfer contemplated by its by-laws. There was some testimony given tending to show such facts, which, I think, should have been left to the jury.

The provision requiring the transfers to be upon the books was for the benefit of the company, and the company could waive it, and if waived at defendant's request or with his consent, express or implied, he would be liable directly to the company for future assessments.

The registry of his name upon the books as a stockholder gave him all the rights of a stockholder, the right to vote and participate in dividends, and converted that which was before an equitable into a legal relation, upon which his liability for assessments would attach. New Albany R. Co. v. McCormick, 10 Ind. 499. A new certificate was not necessary to constitute him a stockholder. Chester Glass Co. v. Dewey, 16 Mass. 94; Chouteau Spring Co. v. Harris, 20 Mo. 382. At the time of the assessment he was a registered stockholder, and as that gave him certain rights and benefits in the company, the law presumes that the registry was at his request. Tompkins v. Wheeler, 16 Pet. [41 U. S.] 106.

The assignment of the certificate with notice to the company conferred protection as against creditors of the assignee, and restrained the company from transferring or consenting to the transfer to any other party without incurring liability to him. Black v. Zacharie, 3 How. [44 U. S.] 4:3.

It was the duty of the defendant, as between him and the assignee, to pay all assessments after the transfer, although not registered. Brigham v. Mead, 10 Allen, 245; Shaw v. Rowley, 16 Mees. & W. 809; Walker v. Bartlett, 36 Eng. Law & Eq. 368; Huddersfield Canal Co. v. Buckley, 7 Term R. 36.

The cases hold that upon an assignment good as between the parties, this duty attaches. In Hall v. U. S. Ins. Co., 5 Gill, 484, it is held that when a purchaser of a stock certificate paid an assessment, without being registered as required by the charter, he was estopped from setting up such want of registry in an action afterwards brought to collect another assessment; that in paying he had acknowledged his obligation, and was liable to the company as a stockholder without being registered.

In Chittenham & G. W. Ry. Co. v. Daniels, 7 Eng. Ry. Cas. 728, it is also held that a purchaser may be estopped by his representations and made liable for calls before his name is actually substituted upon the registry. See also pages 735 and 870 for other

cases to same effect, and Eames v. Wheeler, 19 Pick. 442.

The doctrine seems to be well settled that a certificate to a party, or registry of his name upon the stock register, is not absolutely necessary to constitute the legal relation or privity. The purchaser may waive it and be held liable without either a certificate or registry of his name. The corporation may waive the formal transfer and register the purchaser's name without any other transfer than the assignment in blank of the certificate.

In view of these principles and the equitable obligations of the purchaser to pay subsequent assessments, slight evidence of mutual recognition by the corporation and purchaser of the relation of stockholder might be sufficient to change the equitable relation into a legal one, so as to make the purchaser liable directly to the company, and I am not prepared to say that the jury in this case might not have been warranted, upon the facts shown, in finding the defendant a stockholder, notwithstanding that a certificate of stock had never been issued to him.

The company after registering his name, as such, would be estopped from setting up that the formal transfer was not made, and after having registered his name it is very questionable whether it could collect of the original holder future assessments, or be allowed to question the sufficiency of the assignment. The company having accepted and substituted another party as stockholder, the liability of the original subscriber ought to terminate with his rights as stockholder. Shortridge v. Bosanquet, 17 Eng. Law & Eq. 331; Ex parte Bagge, 4 Eng. Law & Eq. 72; 1 Redf. R. R. § 41, and note. In this case the provision in regard to the mode of transfer is in the by-laws and not in the charter, and it may be that its observance is not as indispensable to vest the title in the assignee as it would be if it were in the charter. Chambersburg Ins. Co. v. Smith, 11 Pa. St. 120; 1 Redf. R. R. § 42.

Certain principal facts were proven, not admitting of doubt or controversy, while certain others were proven, not of themselves decisive, but as forming the foundation of inferences or conclusions, which inferences or conclusions were for the jury to find. I take it, if the jury should find that both parties waived a formal transfer, they would be bound by such waiver.

In view of these considerations I think a new trial should be granted.

NOTE. At the next trial of this case, at the May term, 1873, before Blodgett, J., and a jury [Case No. 16,799], a verdict was rendered against the defendant for the unpaid balance on his stock, $12,000 and interest. The case is now pending in the supreme court. [Case unreported.] See, also, British & Am. Tel. Co. v. Colson, 6 L. R. Exch. 108, and Hebbs' Case, 4 L. R. Eq. 9, and cases there cited, where the defendants were held not stockholders, as having never duly accepted the allotment of shares. [See Case No. 16,801.]