JEREMIAH WINTRINGHAM, AS RECEIVER, ETC., RESPONDENT, v. JOSEPH ROSENTHAL, APPELLANT.

*Stock — right to compel a purchaser of shares, to pay the amount unpaid thereon.*

One Brown having subscribed for 500 shares of the capital stock of a bank, subsequently transferred fifty of them to the defendant, who took them in payment of a pre-existing debt, supposing them to be fully paid up. Brown thereafter paid forty per cent upon the shares as calls were made, and the defendant received the dividends thereon.

In an action brought by the receiver of the bank to recover the amount still remaining unpaid upon the shares of stock, *held*, that the defendant was not liable for the same.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought by the plaintiff, as receiver of the Loaners' Bank of the city of New York, to recover the amount unpaid upon certain shares of its capital stock owned by the defendant.

On June 6, 1870, one Edgar F. Brown subscribed for all the stock of the bank. In December of that year he sold and assigned to the defendant fifty shares of the stock, on account of a larger indebtedness then due from Brown to him. The defendant purchased the stock as paid-up stock, and had no knowledge that it was not paid up. Thereafter Brown paid forty per cent upon the stock so transferred as called for by the bank. This action was brought to recover the balance remaining unpaid thereon. The plaintiff had been appointed receiver in proceedings instituted against the bank by creditors, who alleged that it was insolvent.

*Nelson Smith*, for the appellant.

*Erastus New*, for the respondent.

BARNARD, P. J. :

This action is one brought under the statute to make stockholders liable for debts of a corporation. It is simply an action depending upon a contract alleged to have existed between the bank and the defendant. One Edgar F. Brown subscribed for 500 shares of the capital stock of the bank. The par value was $50,000. He sold $5,000 to defendant in payment of an old debt he owed to defendant, defendant supposed it was full paid stock. It was transferred to defendant, and Brown subsequently paid forty per cent to the bank as it was called for. The defendant received dividends on the stock. The bank failed, never having received on the stock in question but the forty per cent. It will be admitted that the defendant took the stock subject to all the liabilities thereon. If Brown had failed to pay for it, the defendant got no better title than Brown had, but the defendant did not agree to pay the bank anything.

The cases cited by plaintiff do not sustain the action. The case of *Rosevelt* v. *Brown* (1 Ker., 148) only holds that as to debts the holder of the stock is a stockholder under the statute.

The case of the *Rensselaer, etc., Plankroad* v. *Barton* (16 N. Y., 457) holds that an agreement to take stock imports a promise to pay for it. *Johnson* v. *Underhill* (52 N. Y., 203) holds that a purchaser of stock not transferred on the books of the company was liable to pay the debts of the company as if he had entered the transfer. The case of the *Reciprocity Bank* (22 N. Y., 9) was an action to enforce the payment of a debt against a stockholder. *Dayton* v. *Borst* (31 N. Y., 435) was a case brought by a receiver against the original subscribers for the stock. The case of *Mann, Receiver,* v. *Currie* (2 Barb., 294) is very similar in principle to the present case. There the vice-chancellor held the transferee of stock liable the same as an original subscriber. In *Seymour* v. *Sturgess* (26 N. Y., 134) the Court of Appeals, citing that case, held that no contract to pay for the stock can be implied from the mere purchase. That the effect of the purchase was to get a title conditional upon making the remaining payments, but leaves such payment optional with the purchaser. That it is only where there is an express agreement to pay that an action will lie by the corporation; " but if there be no such agreement the sole remedy for the corporation is by the sale of the shares of the delinquent members."

The judgment should therefore be reversed and a new trial granted, costs to abide event, and the order of reference be vacated.

GILBERT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event. Order of reference vacated.