CARRIE S. PLUMB, *as Executrix of the estate of P. B. Plumb, deceased, et al.*, v. THE BANK OF ENTERPRISE.

1. CORPORATE STOCK — *Valid Transfer.* A valid transfer of corporate stock can only be made on the books of the corporation, and the mere assignment and delivery of stock certificates will not divest the transferer of individual liability on the stock sold.

2. CORPORATE RECORDS — *Failure to Pass By-Laws — Liability of Assignor.* Where a corporation failed to provide by-laws regulating the transfer of stock, and kept as its only registry of stock and stockholders a book of stock certificates, and on the stubs of the certificates issued a memorandum was made of the date of the issue, the number of the certificate, the number of shares included, and the name of the person to whom issued, and it was the common usage of the company in recording transfers of stock to note the transfer upon the stub of the old certificate, then take up the old certificate and issue a new certificate to the transferee; the number of the new certificate being specifically referred to on the stub of the old one, and by turning to the stub of the new certificate anyone could ascertain to whom the stock had been transferred, the time of the transfer, the form of the issue, and that the new certificate had been issued in lieu of the old one, *held*, that this was a sufficient record of transfers within the meaning of the statute; *and further held*, that a stockholder who sold his stock but permitted his name to stand upon the books of the company as one of its stockholders, and who knew, or who must be held to have known, the common usage of the company as to the recording of transfers, is not in a position to complain that no by-law had been enacted prescribing the manner of transfer; nor can he claim exemption from individual liability to the creditors of the corporation on the stock which he sold.

*Error from Dickinson District Court.*

THE opinion states the nature of the action and the material facts.    Judgment for the plaintiff *Bank* at the May term, 1889.    The defendant, *Plumb*, brings the case to this court.

*T. N. Sedgwick*, for plaintiffs in error.
*John H. Mahan*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was a proceeding to enforce the individual liability of the several stockholders of the Kansas Har-

vester Company, a corporation organized under the laws of Kansas. On October 12, 1888, the Bank of Enterprise recovered a judgment against the Kansas Harvester Company for $1,339.06, and execution was at once issued upon the judgment, and the return of the same, made October 23, 1888, disclosed the fact that the company had no property whereon to levy, and was in fact insolvent. Steps were then taken to obtain an execution against the property of Preston B. Plumb and other stockholders of the Kansas Harvester Company, and upon a hearing had on July 2, 1889, it was found that at the time of the rendition of the judgment against the corporation Preston B. Plumb held stock of the corporation in the sum of $1,350, which was fully paid up, and that he was liable to the bank upon the stock for the full sum of $1,350, and execution was accordingly authorized to be issued against the property of Plumb. Exceptions were taken to the findings and order of the court, and P. B. Plumb having departed this life since proceedings in error were begun, upon the consent of parties an order of revivor has been made, by which Carrie S. Plumb, executrix, and Amos H. Plumb, executor, of the estate of P. B. Plumb, deceased, have become plaintiffs in error.

The questions presented for review are few and easily solved. It is conceded that P. B. Plumb purchased the stock of the corporation, as claimed, and his individual liability to the extent of the stock held by him is not denied, providing he did not divest himself of liability by a transfer of the stock before the judgment was obtained. It was shown upon the hearing that certificates in the corporation were issued to P. B. Plumb, which he held until April or May, 1888, when he assigned and delivered the certificates of stock to Richard A. Elmer, of New York, who was then solvent and abundantly able to meet any liability that could arise against him as a stockholder in the Kansas Harvester Company. No transfer of the shares of stock was made upon the books of the company, nor does it appear that any effort was made to secure a transfer. Does the mere assignment of stock certificates transfer the stock and

divest the assignor of individual liability thereon to creditors?
The statute respecting the transfer of corporate stock is as fol-
lows:

"The stock of any corporation created under this act shall
be deemed personal estate, and shall be transferred only on
the books of the corporation, in such manner as the by-laws
may prescribe; and no person shall, at any election, be entitled
to vote on any stock, unless the same shall have been standing
in the name of the person so claiming to vote, upon the books
of the corporation, at least 30 days prior to such election; but
no shares shall be transferred until all previous assessments
thereon shall be fully paid." (Gen. Stat. of 1889, ¶ 1184.)

Under this provision, the mere assignment and delivery of
the certificates of stock is ineffectual to a valid transfer of
the same. (*Manufacturing Co. v. Hale*, 39 Kas. 23.) It may
be sufficient as between the transferer and the transferee, and
also as against the corporation itself, if it had notice of such
assignment and delivery; but such irregular transfer does not
divest the transferer of his individual liability as a stock-
holder to creditors. The registration of stock required by
statute is in part for the benefit of the public, and to provide
creditors with a record of those who are individually liable
in case the corporation becomes unable to meet its obligations.
Under our constitution and statutes, the individual liability
stands as a sort of surety for the corporate liability, and cred-
itors of the corporation are supposed to contract with reference
to the individual responsibility of the stockholders. The
general rule is, that the books of the corporation furnish evi-
dence as to what persons are entitled to the rights and privi-
leges of stockholders, and as to whom creditors may look for
payment in the event of the insolvency of the corporation.
Creditors of a corporation are presumed to have relied upon
the books; and, where a stockholder sells his stock but per-
mits his name to stand upon the books of the corporation as
one of its stockholders, he is in no condition to claim exemp-
tion from individual liability. If he has attempted in good
faith to have the transfer recorded, and, having done all in his
power to that end, fails, other conditions would arise; but

where he negligently permits the stock to stand upon the books in his own name, and fails to do that which is necessary to transfer the legal title of the stock in accordance with the statute, he is not released from individual liability by the mere assignment and delivery of the certificates. (*Manufacturing Co. v. Hale,* supra; *Richmond v. Irons,* 121 U. S. 27, 58; *Hawkins v. Glenn,* 131 id. 319, 335; Thomp. Liab. Stockh., § 217, and cases cited; Cook, Stocks, §§ 258, 261, and cases cited; Lowell, Transf. Stocks, §§ 189, 192; Mor. Priv. Corp., §§ 170, 172, 856, and cases cited.)

Exemption from individual liability is claimed on the ground that no provision was made by the corporation for the transfer of stock. The company had no by-laws regulating the transfer of stock, and no book especially provided for the transfer of stock. The only registry kept by the company was the book of stock certificates, and the record was kept upon the stubs of the certificates issued. This record showed the date of issue, the number of the certificate, the number of shares included, and the name of the person to whom issued. The practice in case of a sale of stock was to note the transfer upon the stub of the old certificate; then take up the old and issue a new certificate to the transferee. The number of the new certificate was specifically referred to on the stub of the old one; and by turning to the stub of the new certificate any one could ascertain to whom the stock had been transferred, the time of the transfer, and the form of the issue, and that the new had been issued in lieu of the old certificate. This we think was a sufficient record of the transfer within the meaning of the statute. (*Fisher v. Jones,* 82 Ala. 117.) The statute does not provide the nature of the book to be kept, nor the manner in which stock shall be transferred, but provides that it shall be done in such manner as the by-laws may prescribe. The method pursued by the Kansas Harvester Company is the common mode of keeping a register of stockholders in a corporation, and a stockholder who knew, or must be held to have known, of this mode, is not in a position to complain of the want of facilities to register the transfer,

or that no by-law had been enacted prescribing the manner of transfer. As to a stockholder, the common usage of the corporation supplies the place of such a by-law, and a member of a corporation can hardly claim exemption from liability on account of its neglect to enact one.

These are the only material matters presented for our consideration, and, finding no error in the record, the order and judgment of the district court will be affirmed.

All the Justices concurring.