### A. Y. McCormick v. The Great Bend Gas & Fuel Company.

1. CORPORATION—*Subscription to Stock.* A subscription for shares in a corporation, thereafter to be formed under a general law, may be accepted by the board of directors of the company after organization.

2. ORIGINAL SUBSCRIPTION, *Irrevocable.* Where parties sign a subscription list, but, upon taking corporate existence, adopt a slightly different name from the one first agreed upon, and a subscriber upon the original list signs and acknowledges the charter of the corporation, treats the original subscription as the subscription of stock to the company, and by his vote as a director thereof makes assessments upon himself and other parties upon the original subscription list, and pays several of such assessments, such original subscription for shares must be regarded, as to him, as having been accepted by the company after organization, and, as to him, the subscription was at least a valid proposition to the company, which became irrevocable after such action, assessments, and partial payments.

*Error from Barton District Court.*

ACTION by the *Great Bend Gas & Fuel Company* against *A. Y. McCormick* to recover on a subscription for stock. On a judgment for plaintiff, at the June term, 1889, defendant brings error.

*Diffenbacher & Banta,* and *Noah Allen,* for plaintiff in error.

*Maher & Osmond,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the court below by the Great Bend Gas & Fuel Company against A. Y. McCormick, to recover $240, a balance for an alleged subscription for stock. The action was commenced before a justice of the peace. At the trial, judgment was rendered against McCormick. He appealed to the district court. Judgment was there rendered against him for $240, with interest, aggregating $248.40, and costs. He excepted, and brings the case here.

It appears from the record that prior to the incorporation of the Great Bend Gas & Fuel Company, the charter of which company was filed in 1887, McCormick, with some 50 others, signed the following written agreement or subscription:

"We do hereby agree to subscribe the amounts set opposite our names to the capital stock of the Great Bend Natural Gas & Fuel Company, organized for the purpose of prospecting for natural gas, coal, oil, and all valuable minerals, binding ourselves to pay the full amount subscribed in such installments as may be necessary to prosecute work indicated, by assessments made upon our stock by the directors of said company."

The amount subscribed by McCormick was $300. In pursuance of the written agreement or subscription, a charter was prepared, but by a mistake in preparing it the corporation was designated "the Great Bend Gas & Fuel Company" instead of "the Great Bend Natural Gas & Fuel Company." The original agreement or subscription contained the word "natural." When the corporation was organized this word was omitted. Therefore, at the time the parties subscribed and acknowledged the charter, the corporation took on a name slightly different from the one first agreed upon. McCormick was present and participated in the several meetings of the subscribers preliminary to the organization of the Great Bend Gas & Fuel Company, signed the charter, was elected and served as a director for more than a year. No corporation existed or was organized as the Great Bend Natural Gas & Fuel Company. The purpose for which the company or corporation was formed was "to bore for natural gas, coal, and artesian water, and to mine and sell natural gas, coal, or to make such disposition of the results of the boring for natural gas, coal and artesian water as might be deemed best by the company." The written agreement or subscription signed by the parties before the organization of the Great Bend Gas & Fuel Company, after that company was organized, seems by general consent of the officers of the company, as well as the parties who had signed the original agreement or subscription, to have been accepted and acted on

as the subscription paper or subscription book to the capital stock of the Great Bend Gas & Fuel Company. Several assessments on the capital stock of the Great Bend Gas & Fuel Company were made and the original writing or subscription list was used therefor. McCormick voted for the first, second and last assessments on the stock. Most of the parties upon the original agreement or subscription list paid their assessments upon demand. McCormick, in common with the other subscribers upon the list, was assessed 100 per cent. of his subscription, viz., in the sum of $300. Such subscription was treated by him and the company as a subscription for stock in the Great Bend Gas & Fuel Company. In response to demands made upon him, McCormick paid $60 of the $300, but afterward refused to pay any more.

We think the original bill of particulars stated facts sufficient to constitute a cause of action, and that the demurrer was properly overruled. We also think that the judgment is fully sustained by the evidence. It is true that the subscription list set out in the bill of particulars and before referred to was not in fact a subscription to the capital stock of any corporation then existing. Although the word "organized" was used in the subscription, in the light of the surrounding circumstances connected with the signing of such subscription, this word meant "to be organized." It is also true that the subscription list was never in a formal manner presented to the board of directors of the Great Bend Gas & Fuel Company and accepted by any regular vote or order. Although this subscription list was originally voluntary, or a mere open proposition, yet having been accepted and acted upon by the parties to the subscription and the directors and officers of the Great Bend Gas & Fuel Company, the company was bound thereby. Clearly McCormick, having signed and acknowledged the charter of the company, having acted as a director of the company, and having, with other directors, levied assessments upon the persons who signed the original subscription list, and paid several of these assessments, is now estopped from saying that the written promise or subscription list has

not become a contract with the company. Every person whose name is upon the original subscription list, and who was assessed by the company as a stockholder and paid the assessments or a part thereof, must be considered a stockholder. It is well settled that a subscription for shares in a corporation thereafter to be formed under a general law may be accepted by the board of directors of the company after organization. (1 Morawe., Corp., § 48.)

The proceedings of the officers and the company and the acts of McCormick show the original subscription list was treated as if actually accepted, and calls made thereon as if the subscribers had taken stock in the company; and McCormick paid several calls as a stockholder. It is too late now for him to complain. He cannot do so.

As the record comes here, we do not think the court below erred in overruling the motion for a continuance, especially in view of the facts disclosed upon the trial. At least, there was no prejudice to McCormick in the ruling sufficient to demand a new trial.

The judgment of the district court will be affirmed.

All the Justices concurring.