THE UNITED STATES WIND-ENGINE AND PUMP COMPANY v. B. M. DAVIES.

No. 15.

1. CORPORATION—*Books as Evidence.* The books of a corporation furnish evidence as to what persons are entitled to the rights and privileges of stockholders, and as to whom creditors may look to for payment in event of the insolvency of the corporation, and creditors of the corporation are presumed to have relied upon the books.

2. ——— *No Individual Liability of Stockholders.* A mere agreement to purchase stock in the future, which has never been acted upon by the party or the officers of the company, although three years have elapsed since it was signed, no stock ever having been issued, or assessment made upon the stock, in pursuance of the terms of said agreement, does not create an individual liability on the part of the signer, so as to charge him with the debts of the corporation.

MEMORANDUM.—Error from Shawnee district court; Z. T. HAZEN, judge *pro tem.* Action by The United States Wind-Engine and Pump Company against B. M. Davies to enforce a stockholder's liability. Judgment for defendant. Plaintiff brings the case to this court. Affirmed. The opinion herein, filed November 11, 1895, states the material facts.

*D. E. Sowers,* and *N. B. Arnold,* for plaintiff in error.

*Quinton & Quinton,* for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J.: Plaintiff in error, as plaintiff below, obtained a judgment against the Florence Water Supply Company. Execution was issued on said judgment, and duly returned unsatisfied. Thereafter plaintiff filed its motion and served proper notice on the defendant in error for the purpose of obtaining execution against him as a stockholder in said corporation. The court, after hearing the testimony, overruled the motion. Of this the plaintiff in error complains, and we are called upon to review the action of the court.

The correctness of the judgment of the court below rests upon the question, whether or not B. M. Davies was a stockholder in the Florence Water Supply Company at the time the execution against the property or effects of the corporation was found to be ineffectual? If he was not, then the judgment is correct. It appears from the record that the defendant, B. M. Davies, with 12 others at some time signed the following agreement:

"We, whose names are subscribed hereto, agree to

subscribe for and purchase from the Florence Water Supply Company the amount of stock and first-mortgage bonds in equal parts of said company; each share of stock is $100, and each mortgage bond of the nominal value of $100, and for each $100 cash paid in such instalments as the directors may from time to time call, said company agrees to deliver on payment of said subscription to the subscriber for each $100, one share of stock and ŏne mortgage bond of the denomination aforesaid. The rate of interest and date of said bond and the time they shall run shall be determined by the directors.

| Names. | No. of shares. | Amount. |
|---|---|---|
| B. M. DAVIES, | 10 | $1,000." |

When this agreement was signed, whether before or after the organization of the company, the record does not show; but, from the circumstances surrounding it, we are led to the conclusion that it was prior to the organization. It is also shown by the record that a charter was filed on the 12th day of February, 1887, with the secretary of state; that in September, 1887, a stock ledger was opened, and stock charged to different parties thereon; that among those whose names appear on this ledger were some of those whose names were on said agreement, and others who did not sign it; that the name of B. M. Davies does not appear on the ledger; that he was never assessed for or on account of any stock, but that the identical stock for which he was supposed to subscribe was assessed the same as the other stock, but not to Mr. Davies; that no stock was ever issued—simply charged on the stock ledger to the parties as assessments were made thereon, and as these assessments were paid the parties were credited with the amounts paid. Under the facts as disclosed in the record, we perceive no error in the ruling of the court below. The only testimony

which in any manner attempts to connect the defendant with this corporation is the agreement which he signed ; and that, taken in its strongest sense, could not be considered as a subscription for stock, but an executory agreement for stock and to purchase first-mortgage bonds at some future time, when certain things were performed by the company. The subscription to stock and the purchase of the bonds formed an entire contract, each depending on the other, and the company could not enforce this contract against any of the signers as to the stock without tendering the bonds, or for the bonds without the stock ; and the fact that it is not shown that any first-mortgage bonds were ever issued as provided for in the agreement, and that some only of those who signed this agreement were assessed, and that others, who were not parties to the agreement, became members of the corporation, and that no assessment on any stock was ever made against said Davies, point strongly to the conclusion that this agreement was made prior to the organization, and that it was afterward abandoned and a new subscription made.

The individual liability of stockholders for the corporate debts depends solely on provisions of positive law ; or, as Chief Justice HORTON has expressed it, "Neither at law nor in equity are stockholders contributing to the capital of an incorporated company individually liable for the payment of the debts of the corporation. The liability arises solely by constitutional or statutory provision." (*Hentig v. James*, 22 Kan. 326.) We think this is a much stronger case than *McCormick v. Gas Co.*, 48 Kan. 614. In that case the court held, that as the written agreement signed by the parties before the organization of the company, as well as the parties who signed the same, was ac-

cepted and acted upon as the subscription paper or subscription book to the capital stock, the parties having paid assessments thereon, they were bound, clearly indicating that in the absence of the action of the parties and officers they would not have been so. But, in the case at bar, there are no such acts of the company or of Davies, but, on the contrary, the very opposite appears. It does not affirmatively appear that the agreement offered in testimony in this action was an agreement to subscribe for stock in any corporation then existing. It is not shown that it was ever finally presented to the directors of the company and accepted by any regular vote or order. It was a mere open proposition.

It is well settled that a subscription for shares in a corporation thereafter to be formed under a general law may be accepted by the board of directors of the company after organization. (Mor. Priv. Corp. § 28; *McCormick v. Gas Co.*, 48 Kan. 614.) We think that the converse of this rule is equally true, and, in order to create an individual liability on the part of a stockholder for the debts of the company upon a mere agreement to subscribe for stock, it must appear that the corporation existed at the time the agreement was made, or that the agreement was presented to the directors of the corporation after its organization and accepted by a regular vote or order. This agreement is vague and indefinite. While it is true that it specifies the amount or proportion of the capital stock the parties agree to take, yet, it does not specify the amount of capital stock to be employed, or by whom the company is to be organized. Before the payment of subscription can be compelled, the capital to be employed must be fixed, and certain, and a *bona fide* subscription must be made, and a complete organiza-

tion effected. (*Coal Co. v. Settle*, 54 Kan. 424; *National Bank v. Votaw*, 51 id. 366.)

The registration of stock required by the statute is in part for the benefit of the public, and to provide creditors with a record of those who are individually liable in case the corporation becomes unable to meet its obligations. Under our constitution and statutes, the individual liability stands as a sort of surety for the corporate liability, and creditors of the corporation are presumed to contract with reference to the individual responsibility of the stockholders. The general rule is, that the books of the corporation furnish evidence as to what persons are entitled to the rights and privileges of stockholders, and as to whom creditors may look for payment in the event of the insolvency of the corporation. Creditors of a corporation are presumed to have relied upon the books. (*Plumb v. Bank of Enterprise*, 48 Kan. 484.) In this case the company had opened a stock ledger for the purpose of recording all transactions with its stockholders as to the shares of stock owned by them. Davies's name never appeared thereon in any manner. No stock had been issued or charged to him, nor had any stock in his name ever been assessed. How, then, can it be said that Davies was a stockholder in the corporation at the time the execution against the property or effects of the corporation was found to be ineffectual.

Finding no error in the record, the judgment of the district court will be affirmed.

All the Judges concurring.