THE STAR MUTUAL TELEPHONE COMPANY, *Appellant,*
v. CHARLES LONGFELLOW, *Appellee.*
No. 17,170.

SYLLABUS BY THE COURT.

CORPORATIONS—*Transfer of Stock Must Comply with Statutes and By-laws.* Before one who purchases stock from a stockholder and member of a corporation is entitled to have the shares transferred and to have the rights and privileges of a member of the corporation he must comply with the statutes, by-laws and regulations governing such transfers and the admission of new members.

Appeal from Greenwood district court. Opinion filed July 7, 1911. Reversed.

*Howard J. Hodgson,* for the appellant.

*O. C. Zwicker,* for the appellee.

23—85 KAN.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to enjoin Charles Longfellow from using the wires of the Star Mutual Telephone Company to which it was alleged that he had wrongfully attached a telephone. The telephone company was incorporated under the laws of the state to build and maintain a rural telephone line. One hundred and twenty-nine shares of stock were sold at the par value of $10 each. It was subscribed and taken by a number of business men in the city and by farmers living along the line. The telephone company owned the poles and wires but the phones and switch service were furnished by the Missouri & Kansas Telephone Company at an agreed rental. The management and control of the company was vested in a board of directors and from them the executive officers were chosen. Many of the stockholders were owners of land, who took a number of shares, and some of them were renters, like Veach, who only owned a single share. Veach, being about to leave the rented farm, offered to sell his share back to the company but was told that, in fact, he had nothing to sell. He afterward sold the share to Longfellow for $10. In due time Longfellow asked the secretary of the company to transfer his share on the books, when he was informed that under the rules and by-laws of the company he was not entitled to a transfer of the stock or to the use of the wires until he had paid the company an additional sum of $15. Longfellow declined to pay the charge, but he attached his phone to the wires and proceeded to use them without securing a transfer or the consent of the officers of the company. The company brought this action and obtained a temporary injunction, which was finally dissolved by the court.

The main question for decision is whether appellee had conformed with the rules and by-laws of the com-

pany and was entitled to the service of the company. He had purchased a share of stock, but, of course, took it subject to the by-laws of the company. In the charter it is provided that no member shall be allowed to sell his stock until he has offered it for sale to the company at a price not exceeding its original cost, and there is a proviso that shares of stock may be transferred with the sale of land. Provision is made for a change of the constitution by a two-thirds vote of all the stockholders at a meeting called for that purpose after a thirty-days notice. In the by-laws a limit is placed on the number of phones that shall be attached to the wires, and it is provided that no phone shall be attached that does not belong to a stockholder and, if he is a tenant, he is required to pay to the company a rental of $5 per year. Another provision is that parties who desire to get on the line must first secure the consent of the officers of the company. In 1906 the rules were changed so that members having shares who did not have phones should have their shares marked nonassessable and that all charter member stockholders should be guaranteed the use of the company's wires, which guaranty, however, except to the original purchasers, should not extend to persons holding a single share. In 1907 another change was made when it was voted that no phone should be attached or maintained on the line that did not belong to a member whose name was not on the charter list, or those coming under special provisions of the by-laws, "until the company had benefited to the extent of twenty-five dollars." Another of the by-laws provided that parties holding more than one share should be allowed to transfer to immediate members of the family provided the consent of the officers of the company was secured.

It appears that appellee did not comply with the rules, regulations and by-laws of the company. He did not secure a transfer of the stock as the law contemplates nor the consent of the officers of the company to

attach his phone to the line. The purchase of the stock
by appellee operated as a transfer of the title as be-
tween the seller and himself but it did not necessarily
complete his right to the benefits of a stockholder so
far as the company was concerned. The law provides
that stock shall be transferable only on the books of
the company in the manner prescribed by the by-laws
of the corporation. (Laws, 1879, ch. 88, § 1, Gen. Stat.
1909, § 1743; *Topeka Mfg. Co. v. Hale, Assignee,* 39
Kan. 23; *Plumb v. Bank of Enterprise,* 48 Kan. 484;
*Culp v. Mulvane,* 66 Kan. 143; *Barnhouse v. Dewey,*
83 Kan. 12.)

Appellee says he asked for a transfer of his stock
and that he was refused. If he complied with the re-
quirements of law and was denied a transfer his remedy
was a proceeding to compel the erring officer to per-
form his duty. Again, appellee attached a phone to
the company's wires without the consent of the officers,
and this was in direct violation of the by-laws. There
was still another provision that it was incumbent on one
who was not a charter member to pay a sum equal to
$25 before he could attach a phone to the line and that
all persons wanting on the line, after the adoption of
the constitution and by-laws, should be required to
pay $25. Now, appellee was told by the president of
the company that he would have to pay $15 more to be
entitled to the use of the line, and he learned from him
and other officers of the company that upon the pay-
ment of that sum the stock would be transferred and he
would be accorded the same rights as other members
of the company. He is deemed to have purchased the
stock with a knowledge of these by-laws and to be
bound by them. There is no claim that they are un-
reasonable but it is contended that some of them were
not legally adopted. They appear to be a part of the
laws of the company. There is nothing in the abstract
showing illegal or defective action of the company in

Mining Co. v. Atkinson.

their adoption. It devolves on anyone alleging or claiming illegality to show it.

In view of the testimony of the case it must be held that the order dissolving the temporary injunction was erroneous. The judgment is therefore reversed and the cause remanded for further proceedings.