CHARLES E. McLEAN v. THE CHARLES WRIGHT MEDICINE COMPANY.

Corporations—Transfer of stock—Refusal of officers to enter transfer—Damages.

1. The entry of a transfer of shares of stock upon the books of the corporation is not necessary to the validity of the transferee's title, which becomes absolute upon the delivery to him of the certificate, with an assignment of the shares indorsed thereon, signed by the owner; citing How. Stat. § 4866; *Mandlebaum v. Mining Co.*, 4 Mich. 465.

2. A purchaser of shares of stock, upon the assignment and delivery of the certificate, becomes a stockholder, and is entitled to all of the rights of every other stockholder, notwithstanding the refusal of the president of the corporation to enter the transfer upon its books, and he may compel the making of such entry by the proper proceeding.

3. In the absence of proof of special damages, a transferee of shares of stock, to whom the certificate is assigned and delivered by the owner, cannot recover more than nominal damages in an action against the corporation because of the refusal of the proper officer to enter the transfer upon its books.

| 96 | 479 |
| 117 | 47 |
| 117 | 55 |
| 96 | 479 |
| 119 | 450 |
| 96 | 479 |
| 120 | 16 |
| 96 | 479 |
| s56NW | 68 |
| 133 | ²231 |

4. A judgment that the plaintiff take nothing will not be reversed when a recovery could have been had for nominal damages only, the question of costs not being affected.[1]

Error to Wayne. (Brevoort, J.) Argued June 28, 1893. Decided July 25, 1893.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Fraser & Gates,* for appellant, contended:

1. Until the transfer was entered on the books, plaintiff was the owner only as between himself and Allington. He could not vote his stock, had no right to dividends, and could not even make a transfer to any other person.
2. The right to maintain this action, and the right to recover the value of the stock, is well established upon authority; citing *Sargent v. Insurance Co.,* 8 Pick. 90; *Bond v. Iron Co.,* 99 Mass. 505; *Murray v. Stevens,* 110 Id. 95; *Bank v. Kortright,* 22 Wend. 348; *Bank v. Bank,* 20 N. Y. 501; *Driscoll v. Manufacturing Co.,* 59 Id. 96; *Freon v. Carriage Co.,* 42 Ohio St. 30; *Insurance Co. v. Osgood,* 93 Ill. 69; *Mandlebaum v. Mining Co.,* 4 Mich. 465; *Walker v. Railway Co.,* 47 Id. 338; Cook, Stock, §§ 393, 573-576, and cases cited in notes.

*George W. Radford* and *Edward A. Barnes,* for defendant, contended for the doctrine of the opinion.

GRANT, J. One Allington was the owner of 555 shares of the capital stock of the defendant company. In May, 1891, he duly assigned the certificate and the shares of stock mentioned therein to plaintiff. The assignment was on a printed blank upon the back of the certificate, and authorized the assignee to make the necessary transfer on the books of the company. Plaintiff at once applied to Charles Wright, the president of the company, to have the transfer made upon the books of the company. The secretary was not then present, and the transfer was not made. Subsequently plaintiff again applied, and was then informed by Mr.

---

[1] See *Wyatt v. Herring,* 90 Mich. 581.

Wright that he would be very glad to transfer it, but that Mr. Allington had notified him that he (plaintiff) had no right to it. Plaintiff thereupon instituted this suit by filing a declaration, in which he set forth the assignment of the stock to him, his possession of the certificate, and the refusal on the part of the company to cause the transfer to be made upon its books. His allegation for damages is—

"That, by and through the aforesaid misconduct of the said defendant, the said shares of stock became and were wholly lost to the said plaintiff, and the said plaintiff thereby lost the benefit and advantage which he otherwise might and would have derived from the said shares of stock, and the said plaintiff hath been and is thereby deprived of great gains and profits, which he might, and otherwise would, have derived through the sale of the said shares of stock."

At the conclusion of the evidence, the court directed a verdict for the defendant, for two reasons:

1. There was no evidence of conversion.
2. Plaintiff had neither claimed nor shown any special damages by reason of the refusal to enter the transfer of stock on its books.

Plaintiff insisted that he was entitled to recover the full value of the stock, and that he had given evidence from which the jury might find the value.

The declaration is not one in trover for the conversion of the stock, but rather in an action upon the case for damages caused by the wrongful act of the defendant in refusing to register the transfer. We think the direction of the circuit judge was right. Under our statute and the decisions of this Court, plaintiff was the absolute owner of the stock, and possessed the evidence of title. He thereby became a stockholder, had the right to attend meetings, to share in the profits, and, in fact, was entitled to all the rights of every other stockholder, notwithstanding the refusal of the president to register the transfer.

He could by the proper proceeding have compelled the proper officers of the defendant to register the transfer. The statute provides that shares of stock may be transferred by indorsement and delivery of the certificates thereof, and that such transfers are valid between the parties thereto. Under this statute it is held that the transfer upon the books is not necessary to the validity of the purchaser's title. *Mandlebaum v. Mining Co.*, 4 Mich. 465. It was there held that a *bona fide* purchaser for value of such certificate, duly assigned, will be protected in his title the same as a purchaser of negotiable paper. See, also, *Walker v. Railway Co.*, 47 Mich. 338; *Daggett v. Davis*, 53 Id. 35.

Plaintiff had not been deprived of his property, nor of his evidence of title, nor of his possession thereof. It cannot therefore be said that he has wholly lost his property. On the contrary, he is entitled to all the rights and remedies of any stockholder. The defendant, by the action of its president, did not convert the stock to its own use, nor by such act become the owner thereof. Plaintiff gave no evidence of any special damages caused by the wrongful act of the defendant's president, and therefore could not recover any more than nominal damages. Inasmuch as this does not affect the costs, the judgment will not be reversed.

Judgment affirmed.

HOOKER, C. J., McGRATH and MONTGOMERY, JJ., concurred. LONG, J., did not sit.