### MICHIGAN TRUST CO. *v.* COMSTOCK.

1. BANKS—OWNERSHIP OF STOCK—EVIDENCE.

   Evidence that a certificate of stock in a bank, issued to its president, and indorsed by him with an assignment to his wife, and left in the vaults of the bank when it passed under the control of a receiver, was known by the wife to be either issued or assigned to her, and that she received checks for dividends thereon, indorsed them, and obtained the money, was sufficient to go to the jury on the question of her ownership of the stock.

2. SAME—ASSESSMENT OF STOCKHOLDERS.

   In an action by the receiver of an insolvent bank to recover an assessment upon a certificate of stock issued to its president, and indorsed by him with an assignment to his wife, the defendant in the suit, who denied the ownership, evidence that the officers of the bank had not regarded her as the owner, and that the husband had made her a separate allowance, had no bearing on the issue, and was properly excluded.

   123 MICH.—44.

Error to Mecosta; McMahon, J., presiding  Submitted April 6, 1900.  Decided April 24, 1900.

*Assumpsit* by the Michigan Trust Company, receiver of the Mecosta County Savings Bank, against Dolly Ann Comstock, to recover an assessment on a stock certificate. From a judgment for plaintiff, defendant brings error. Affirmed.

Daniel F. Comstock, the husband of defendant, was one of the largest stockholders of the Mecosta County Savings Bank, and its president, during its entire existence.  On December 24, 1889, there was issued to him certificate No. 23, for 100 shares.  On the same day he placed on the back the following assignment:

"For value received, I hereby sell, transfer, and assign to Dolly Ann Comstock, of Big Rapids, Mich., the shares of stock within mentioned, and authorize C. W. Comstock to make the necessary transfer on the books of the company."

The assignment was witnessed by Mr. Cunningham, the cashier.  There was no actual delivery of the certificate to her, but it was kept by Mr. Comstock among his papers in the vault of the bank, where it was found by the receiver.  The bank closed its doors October 29, 1896, and the plaintiff was appointed receiver November 6th following.  It became necessary to enforce the statutory liability of the stockholders, and the proper decree was entered, directing the receiver to enforce it.  The object of this suit is to compel defendant, as the owner of certificate No. 23, to pay the assessment.  Her defense was that she did not own the stock.  This question was submitted to the jury, which rendered a verdict against her.

*Frank Dumon* (*E. F. Uhl*, of counsel), for appellant.

*M. Brown*, for appellee.

GRANT, J. (*after stating the facts*).  1. The contention of her counsel is that the record is barren of evidence

that she owned the stock, and that the court should have directed a verdict for her.    Assuming that the evidence was conflicting, the circuit judge very carefully and correctly instructed the jury upon all the questions bearing upon her ownership.    There was testimony that she received checks for dividends, indorsed them, and received the money; that she knew that the stock was either assigned or was issued to her, and recognized it as hers. It is not important to set out the testimony in full.    We think there was testimony to support the plaintiff's claim, and that the court would have erred in directing a verdict for defendant.

2.  Two questions propounded by defendant were refused by the court:

"State whether or not, before you had this certificate of stock, you had given Mrs. Comstock a separate allowance.

"During the time that you were manager of the bank, was it considered by the bank and the officers of the bank that Dolly Ann Comstock was the owner of any stock?"

The ruling was correct.    What the bank officers thought, and what allowance Mr. Comstock had made his wife before assigning this stock to her, were not competent either to prove or disprove ownership.

Judgment affirmed.

The other Justices concurred.