LUFKIN RULE CO v. SECRETARY OF STATE.

CORPORATIONS—STOCK AND STOCKHOLDERS—SALES—RESTRICTION ON TRANSFER.

A proposed amendment to the articles of association of a corporation providing for the issuance of additional capital stock, to be known as option stock, to be issued to employés, subject to the right of the corporation to repurchase, it on specified terms, operates as an unlawful restraint upon the right of transfer, and is unauthorized by statute. Act No. 317, Pub. Acts 1905.

Mandamus by the Lufkin Rule Company to compel Frederick C. Martindale, secretary of State, to record an amendment to relator's articles of association. Submitted May 3, 1910. (Calendar No. 23,959.) Writ denied September 28, 1910.

*Humphrey, Grant & Baker*, for relator.

*John E. Bird*, Attorney General (*Arthur P. Hicks*, of counsel), for respondent.

BLAIR, J.   The Lufkin Rule Company is organized under Act No. 232, Public Acts of 1903, for the following purposes:

"To manufacture and deal in measuring tapes, measuring rules and goods of like character; to carry on and conduct a general mercantile and manufacturing business; to manufacture and deal in any and all kinds of articles, tools, machinery, goods, wares and merchandise."

In the month of February, 1910, it offered for record in the office of respondent the following amendment to its articles of association:

"ARTICLE 5*a*.   Two hundred fifty thousand dollars ($250,000.00) of the increase of the capital stock is set aside for sale only to employés of the corporation, and said two hundred fifty thousand dollars ($250,000.00) of stock, or any part thereof, shall be subject to purchase by the corporation at any time within two years after the employé to whom the same is sold ceases from any cause to be an employé or officer of the company, upon the payment by the corporation to the owner thereof, as shown by the books and records of the corporation, of the then true book value of the stock, together with the dividends due thereon, less any indebtedness of such owner to the corporation.   Upon the payment or tender of payment of such purchase price to such owner, the title to such stock and all beneficial interest therein shall thereupon vest in the corporation, without any further act on its part or on the part of such owner, and the corporation shall then be entitled to have the certificates issued for such stock assigned and transferred to it, and such stock may be again resold and reissued by the corporation to its employés, subject, however, to the same rights of purchase as before.   The corporation shall not have the right to make such purchase while it is insolvent, or if such purchase should render it insolvent, and shall only pay for such purchases out of its net profits.   This stock shall be known as 'option stock,' and the price at which it is sold shall be taken as the consideration for the corporation's retaining the option to purchase.   Option stockholders shall have all the rights, privileges, powers, and benefits of other stockholders, including the right of alienation, subject only to such rights of purchase by the corporation. Certificates issued for option stock shall contain on their

face a statement showing the option to purchase as aforesaid and the conditions thereof."

Upon the advice of the attorney general, the repondent refused to record this amendment, and in his letter of refusal stated as his reasons for such refusal:

(*a*) Because it creates a new class of stock different in character from common and preferred stock provided in said Act No. 232.

(*b*) Because it prevents and restrains the alienation and transfer of the stock.

The relator now asks for a peremptory mandamus to compel respondent to record the amendment so refused. It is the contention of respondent that the peremptory writ should not issue, for the following reasons:

(1) Because the amendment will operate to restrain the transfer of stock.

(2) Because the amendment provides for the issuance of a kind of stock not authorized by law.

(3) Because a corporation organized under Act No. 232 has no right to purchase its own shares.

(4) Because the amendment in effect authorizes a forfeiture of shares and expulsion of the stockholder.

Section 16 of the act in question provides:

"The stock of every such corporation shall be deemed personal property, and be transferred only on the books of such corporation, in such form and manner as their by-laws shall prescribe, and such corporation shall at all times have a lien upon all the stock or property of its members invested therein, for all debts due from them to such corporation."

Section 24 and subsequent sections provide for the enforcement of the corporation's lien by sale of the stock "for cash at public auction to the highest bidder therefor." These provisions constitute the only restriction, if they may be so characterized, upon the transfer of the stock. Section 7 of chapter 55 of the Revised Statutes of 1846 provides for a transfer of shares of stock by indorsement and delivery of the certificates thereof; "but such transfer shall not be valid, except between the parties thereto,

until the same shall have been so entered on the books of the corporation," etc.   This provision is retained in the amendment of 1905.   Act No. 317, Pub. Acts 1905.   As was said in *Rough* v. *Breitung,* 117 Mich. 48 (75 N. W. 147):

"Such certificates, in the absence of some provision of law to the contrary, stand upon the same basis as commercial paper, and innocent purchasers and pledgees take title by assignment and delivery."

Although section 16 above quoted limits the mode of transferring the shares to entries on the corporate books, it was not intended thereby to change the essential character of the property, and doubtless a transfer by indorsement and delivery of the shares would, as between the parties, pass the equitable title thereto, which could be converted into the legal title by compelling the proper transfer on the books of the corporation.   The provisions of the fourth subdivision of section 2 and of section 35 limit the corporation to the creation and issuance of "certificates for two kinds of stock, viz., general or common stock and preferred stock," etc.   We do not think it was intended by the provisions of the ninth subdivision of section 2 to authorize the corporation to create an essentially different class of stock than the classes specified, or to authorize any material change in the character of the property rights evidenced by the certificates.   Our statutes having placed shares of stock in the category of personal property, and the certificates thereof approximating in character commercial paper, the same right of disposal of them must attach to their ownership as to the ownership of other classes of personal property, and such disposal is beyond the restrictive control of the corporation, except as granted such control by statute, or perhaps by the express contract of the owner.   10 Cyc. pp. 359, 577, 578, 579.

Does the amendment in question operate to restrain the free disposition of the shares provided for therein?   We

think it clearly does. The corporation itself is restricted to sales to its own employés and officers. If its employés do not take the stock, not a share of it can be sold, no matter how beneficial or necessary such sale may be to the welfare of the corporation. Restraint would be placed upon the shareholder's right of transfer, since he could not pass a title, which could be converted into an absolute title, independent of the consent of the corporation. The manifest scheme of the amendment is to keep the shares perpetually under the control of the corporation, and to prevent any person obtaining an unqualified ownership thereof. Such scheme is incompatible with the right of disposal, which is an incident to the ownership of shares of stock, against public policy as embodied in our statutes, and the amendment was properly rejected by the secretary of State. We do not determine the questions, argued at considerable length, whether a corporation may purchase its own stock, nor whether it may contract with a purchaser of its shares for the right to repurchase such shares, since in the view we have taken such determination is unnecessary.

The writ is denied.

OSTRANDER, HOOKER, MOORE, and STONE, JJ., concurred.