FRED WASHBON, *as Grand Master, etc., et al., Appellants,* V. MRS. M. E. HIXON, *Appellee.*

No. 17,381.

SYLLABUS BY THE COURT.

TRUST FUND—*Settlement—Confession and Avoidance—Instructions.* Plaintiffs sued to recover moneys alleged to have been wrongfully paid to defendant by Albert Sarbach, grand treasurer of the Grand Lodge of Masons of Kansas, out of lodge funds, in discharge of a personal debt which Sarbach was owing to her. .The defendant answered that after she had received the money the grand lodge made a full settlement with Sarbach, in which he accounted to the lodge for all funds due from him as treasurer. The reply was by confession and avoidance, admitting the settlement and alleging that it was procured by the fraudulent misrepresentation of Sarbach. On the trial no evidence was offered in proof of the matter in avoidance. *Held,* that the admission of the settlement and accounting is sufficient to sustain a verdict for the defendant.

Appeal from Jackson district court. Opinion filed February 10, 1912. Affirmed.

*M. A. Bender, T. F. Garver,* and *R. D. Garver,* for the appellants.

*Charles Hayden, I. T. Price, A. E. Crane, E. D. Woodburn,* and *F. T. Woodburn,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: The appellants sued to recover the sum of $1040, alleged to have been wrongfully paid to appellee by Albert Sarbach, grand treasurer of the Grand Lodge of Masons of Kansas, out of lodge moneys, in settlement of a personal debt which Sarbach was owing to her. The jury found generally for appellee, and this is an appeal from a judgment in her favor for costs.

Albert Sarbach, in March, 1908, and for some years prior thereto, as well as up to the time of his death, on September 11, 1909, was grand treasurer of the Grand

Lodge of Masons of Kansas, and as such was intrusted with and had possession of its funds. At the time of his death Sarbach was a defaulter and short in his accounts with the grand lodge to the amount of $16,358.99. During the years 1908 and 1909 he kept his account as grand treasurer with the State Bank of Holton, the account standing in the name of "Albert Sarbach, Grand Treasurer." From time to time he deposited in the same account funds of his own, which thus became mingled with the funds of the grand lodge. At no time during the years 1908 and 1909 did the balance to his credit in this account equal the amount for which he was chargeable as grand treasurer and should have had on hand. The officers of the grand lodge had no notice or knowledge of any wrongful use of lodge funds by the treasurer until after his death.

On March 2, 1908, Albert Sarbach was owing appellee on a note, which he had executed to her about a year previously for money loaned to him, the sum of $1040, in payment of which he gave to her a check, which read as follows:

"L. SARBACH'S SONS,                             No...............
      General Merchants.          HOLTON, KAS., Mch. 2-08.
   Pay to the order of M. E. Hixon — $1040.00
      One Thousand and Forty..................................00-100 Dollars
To State Bank of Holton,                    ALBERT SARBACH,
   Holton, Kansas.            ·            *Grand Treas'r.*"
      (for note)

On the next day Mrs. Hixon indorsed the check, and on presentation at the State Bank of Holton received payment therefor, the amount being charged to the account of Albert Sarbach, Grand Treasurer. At this time the officers of the State Bank of Holton knew that Albert Sarbach was grand treasurer of the Grand Lodge of Masons, and inquiry of any of them by appellee would have disclosed that fact to her. She accepted the check and its payment without inquiry and without other knowledge of the source from which such

money was being paid than that given her on the face of the check.

The errors complained of relate to instructions given and refused, and to the overruling of a motion for judgment on the special findings. The court properly refused to direct a verdict for the plaintiffs, for reasons which will be stated. Another instruction requested reads as follows:

"The receiving of the check involved in this case by the defendant, being signed by 'Albert Sarbach, Grand Treasurer,' was legal notice to the defendant that the check was payable out of funds that did not belong to Sarbach personally. With notice of that kind, it is no defense in this case for the defendant to say that she did not in fact know that the check would be paid out of the moneys of said grand lodge or that she did not know that Sarbach was its treasurer. Having such notice, if the check was paid out of the moneys with which Sarbach was chargeable as grand treasurer, the defendant became liable to account to plaintiff therefor and to its repayment."

Conceding that this instruction states the law correctly, and that, when the appellee received payment of the check signed "Albert Sarbach, Grand Treasurer," she was chargeable with knowledge that the check was paid out of moneys not belonging to him, and that she thereby became liable to account to the appellants for its repayment, it can not be doubted that she would be relieved of the liability if afterward the grand lodge received payment of all sums due it from Sarbach himself. If Sarbach afterward accounted to the grand lodge for the amount paid to appellee out of its moneys, it would make no difference what knowledge or notice she may have had as to ownership of the fund at the time the check was paid.

The answer of appellee alleged, as one of several defenses, the following:

"Defendant further alleges that after the payment of said check the said Grand Lodge, by re-election in 1909, kept and retained the said Albert Sarbach in his said

office as Grand Treasurer of said Grand Lodge until the date of the death of said Albert Sarbach, to-wit, the 11th day of September, 1909, and from time to time the Finance Committee and officers of said Grand Lodge, duly authorized by said Grand Lodge to examine the transactions of said Albert Sarbach, as Grand Treasurer of said Grand Lodge, and to make settlement with him of such account and all matters pertaining thereto, did audit his account duly made to said Grand Lodge and its officers, and did by authority of said Grand Lodge duly approve and confirm the same. And this defendant is informed and believes, and therefore alleges the fact to be, that on each occasion when the accounts of said Albert Sarbach, as such Grand Treasurer, were so as aforesaid audited, approved and confirmed by said Grand Lodge and its duly authorized officers, the said Albert Sarbach duly accounted for all sums of money and funds of every description belonging or due to said Grand Lodge and for which he was in any manner accountable or liable, and on each such occasion made full and complete settlement with said Grand Lodge concerning the matters aforesaid, and paid and delivered to said Grand Lodge and its said officers all sums of money and funds of every description, for which he was liable or accountable as such Grand Treasurer."

In their reply to this defense the appellants plead by way of confession and avoidance, admitting that a settlement was had between Albert Sarbach and the grand lodge on February 12, 1909, but alleging that such settlement was procured by his false and fraudulent representations. No evidence was offered in support of the matters alleged in avoidance, and the court took that issue from the jury, and instructed them to disregard a statement made in their presence to the effect that such settlement had been induced by fraud. The failure to offer proof in avoidance of the settlement and accounting had between Sarbach and the grand lodge warranted the court in taking that issue from the

jury, and since the settlement and accounting was binding upon the appellants, the verdict must be upheld.

The judgment is affirmed.

MASON, J., not sitting.