FRED WASHBON, as Grand Master, etc., et al., *Appellants*, v. MRS. M. E. HIXON, *Appellee.*

No. 17,381.

### OPINION ON REHEARING.

#### SYLLABUS BY THE COURT.

1. LODGE FUNDS—*Used by Treasurer to Pay Personal Debts— Recoverable.* Albert Sarbach was grand treasurer of the Grand Lodge of Masons. He kept an account with a bank as grand treasurer. In payment of a personal debt he owed to her he gave defendant a check signed by him as "Grand Treas'r." Without any inquiry of the bank she presented it for payment and received the money. The officers of the bank could have informed her that Sarbach was grand treasurer and that the check would be paid out of his account as treasurer. In an action by the grand lodge to recover the money the defendant answered that subsequent to the payment of the check Sarbach had accounted to the grand lodge for all sums due from him as treasurer. *Held*, (1) that the burden was upon defendant to show that the grand lodge was reimbursed; (2) that it is no defense to the action to show that defendant had reasonable grounds for believing that the check was payable out of moneys belonging to Sarbach personally; (3) that the words "Grand Treas'r," following the signature to the check, were sufficient to put her upon inquiry as to the ownership of the fund out of which it was payable.

2. VERDICT AND FINDINGS—*Judgment.* The special findings are held sufficient to warrant a judgment in favor of plaintiff, notwithstanding the general verdict.

Appeal from Jackson district court. Opinion on rehearing, filed June 8, 1912. Reversed. (For original opinion, see 86 Kan. 406, 121 Pac. 518.)

*M. A. Bender, T. F. Garver,* and *R. D. Garver,* for the appellants.

*Charles Hayden, I. T. Price, A. E. Crane, E. D. Woodburn,* and *F. T. Woodburn,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: The appellants sued to recover the sum of $1040, alleged to have been wrongfully paid to appellee by Albert Sarbach, grand treasurer of the Grand Lodge of Masons of Kansas, out of lodge moneys, in settlement of a personal debt which Sarbach was owing to her. The jury found generally for appellee, and this is an appeal from a judgment in her favor for costs.

The facts are stated quite fully in the former opinion (*Washbon v. Hixon*, 86 Kan. 406, 121 Pac. 518), where the judgment in favor of Mrs. Hixon, appellee, was affirmed. The decision was placed upon the ground that appellants, in their reply, admitted the averments of the answer that after Mrs. Hixon had received the money upon the check of Albert Sarbach, grand treasurer, in payment of his personal indebtedness to her, the grand lodge made a full settlement with him in which he accounted for all moneys in his hands as treasurer. The effect of this admission appellants sought to avoid by alleging that the settlement and accounting was procured by the fraudulent representations of Sarbach; that in fact he was at the time of the settlement and continued thereafter short in his accounts with the grand lodge. It appearing from the abstract that the appellants had failed to offer any evidence to show that the settlement had been fraudulently obtained, or that the grand lodge had not been paid at the time of such settlement all moneys due from Sarbach, it was held that the trial court was right in taking the issue of fraud in the settlement from the jury, and that the general verdict in appellee's favor should stand.

Upon rehearing we are satisfied that the burden was upon appellee to show that subsequent to the payment of the check to her the grand lodge received from Sarbach the sums due from him as treasurer, or that he had the same on hand; and that the mere fact that he ac-

counted on paper to the grand lodge for the sums due as treasurer would not relieve appellee from liability for the money paid to her out of lodge funds. Moreover, an amended and supplementary abstract of the evidence has been presented which seems to establish the fact that Sarbach was in default and indebted to the grand lodge in a large amount from a period prior to the payment of the check, and that the settlement of February, 1909, failed to disclose his shortage, and that although he was reelected to the office, the shortage in his accounts continued until the time of his death. There was no serious effort made by the appellee to establish the contrary. It was conceded in the former opinion that when appellee received the check signed "Albert Sarbach, Grand Treas'r," she had legal notice that it was payable out of funds which did not belong to him personally; that with such notice she could not be heard to say that she did not know that the check would be paid out of grand lodge moneys, or that he was treasurer of the grand lodge; and that, having such notice, her receipt of the money in payment of a personal indebtedness of Sarbach made her liable to the appellants for repayment. That such is the law admits of no question. (*Bank v. Myers*, 65 Kan. 122, 69 Pac. 164; *Loan Co. v. Essex*, 66 Kan. 100, 71 Pac. 268; *Hier v. Miller*, 68 Kan. 258, 75 Pac. 77; *Gerard et al. v. McCormick*, 130 N. Y. 261, 29 N. E. 115; 21 A. & E. Encycl. of L. 584.)

The court should have instructed at the request of the appellants that it was no defense for appellee to say that she did not in fact know that the check was payable out of the funds of the grand lodge. It follows also that it was error for the court to charge that she could not be held liable if she had reasonable ground for believing the check to be the personal check of Sarbach. The findings of the jury that in payment of a personal note which Sarbach owed to her the appellee received from him a check signed by him as grand

treasurer which she presented to the bank for payment, that the officers of the bank knew that the account upon which it was drawn was his account as treasurer of the grand lodge, that it was paid out of such account, that she made no inquiry concerning the check, and the further findings substantially to the effect that at the time the check was paid Sarbach did not have on hand the amount owing to the grand lodge and that his shortage continued until the time of his death, we think were sufficient to entitle appellants to judgment notwithstanding the general verdict.

The judgment is therefore reversed and the cause remanded with directions to enter judgment for appellants on the special findings.