PEOPLE, *ex rel.* ATTORNEY GENERAL, *v.* QUINCY MINING CO.

CORPORATIONS — TAXATION — INHERITANCE TAX — TRANSFER OF STOCK—ASSESSMENT OF STOCKHOLDERS.

Under the inheritance tax law, a corporation is not liable to the State for the tax upon its stock that was transferred by the will of a decedent who resided in Massachusetts, where the defendant made the transfer on its books without retaining sufficient to pay the tax or noti-

fying the county treasurer; Act No. 188, Pub. Acts 1899, as amended by Act No. 195, Pub. Acts 1903 (1 How. Stat. [2d Ed.] §§ 2022, 2030). It could not be said that the defendant had control over or held the stock within the meaning of the statute, since it enumerates the persons liable to pay the tax, and does not include such corporation; and its stock being absolutely owned by the holder who may dispose of his shares as he sees fit.[1]

Error to Wayne; Hosmer, J. Submitted January 29, 1913. (Docket No. 49.) Decided November 3, 1913.

Assumpsit by the People of the State of Michigan on relation of Roger I. Wykes, attorney general, against the Quincy Mining Company for certain taxes. Judgment for plaintiff. Defendant brings error. Reversed.

*Otto Kirchner,* for appellant.

*Roger I. Wykes,* Attorney General, and *L. D. Averill,* Assistant Attorney General, for the people.

STONE, J. In this case the question is as to the liability, under our inheritance tax law, of a domestic corporation which has transferred upon its books the stock of a nonresident decedent, and issued a new certificate therefor, before payment of the inheritance tax, and without giving notice, either of such transfer or the issuing of such new certificate, to the proper county treasurer. The question is raised by demurrer to the declaration, by which it appears that one John Blackie, domiciled, at the time of his death, at Brookline, in the State of Massachusetts, was the owner in his own right of 25 shares of the capital stock of the defendant, a Michigan corporation, formed and existing under the Michigan statute that

---

[1] As to inheritance tax on stock in a domestic corporation belonging to the estate of a nonresident, see notes in 19 L. R. A. (N. S.) 887 and 25 L. R. A. (N. S.) 384.

provides for the formation of mining companies, being Act No. 113 of the Public Acts of 1877, and the acts amendatory thereof.

Decedent made a will that was duly probated by the surrogate court for Suffolk county, in the State of Massachusetts. Under that will thus probated, his executrix transferred said 25 shares of stock to a legatee named in the will. The legatee surrendered his stock certificate to the defendant company, which made a transfer of the stock upon its books, and issued to him, said legatee, in his own name, a certificate for said stock, without giving notice, either of such transfer upon its books, or of the issue of the new certificate to the legatee, to the proper county treasurer. The facts are fully set out in the declaration. Defendant demurred. The demurrer was overruled. Defendant elected to stand by its demurrer. Thereupon the court rendered a final judgment for the plaintiff, and against the defendant, for the amount of the tax. This being an amicable action, the court, agreeably to the stipulation of the parties, ordered that no costs be allowed the prevailing party. The defendant has brought the case here upon writ of error, and contends that it is not liable to pay said inheritance tax, because: (1) No such liability is imposed by the common law. (2) It is not imposed by statute.

The Michigan inheritance tax law was adopted in 1899, being Act No. 188, and was amended in every section but one by Act No. 195 of the Public Acts of 1903 (1 How. Stat. [2d Ed.] §§ 2022, 2030). This action is brought under section 14 of the act of 1903, which, among other things, provides:

"As a cumulative remedy for the collection of the tax, the State may proceed by an action of assumpsit in any court of competent jurisdiction."

It will be noted that by this provision no new lia-

bility was imposed; but an additional or cumulative remedy was given.

It will be well for us to notice next the provisions of our statute; sections 3 and 5 of the act of 1903 enumerate the persons chargeable with the payment of this tax thus:

"SEC. 3.  Every such tax shall be and remain a lien upon the property transferred until paid, and the person to whom the property is so transferred and the administrator, executor, and trustee of every estate so transferred, shall be personally liable for such tax until its payment.   *   *   *"

"SEC. 5.   *   *   * Any such administrator, executor, trustee or other person having in charge or in trust any legacy or property for distribution subject to such tax, shall deduct the tax therefrom; and within thirty days thereafter shall pay over the same to the county treasurer, as herein provided.   *   *   * He shall not deliver or be compelled to deliver any specific legacy or property subject to tax under this act to any person until the tax assessed thereon has been paid to him or to the county treasurer."

Obviously, these two sections apply only to domestic executors, administrators, and trustees. Special provision is made by section 9 of the act of 1903 for the payment of the tax by foreign executors, administrators, and trustees, as follows:

"If a foreign executor, administrator or trustee shall assign or convey any stock or obligation in this State standing in the name of a decedent, or in trust for a decedent, liable to any such tax, the tax shall be paid to the treasurer of the proper county on the transfer thereof; *and any corporation, person or persons having control over any such assets, shall not deliver or transfer the same to any person or corporation other- than an executor, administrator, trustee or guardian duly qualified under the laws of this State, until the tax to which the same is liable has been paid as provided in this act.* No safe deposit company, trust company, bank or other institution, person or persons holding securities or assets of a decedent shall deliver or transfer the same to the

executors, administrators, or legal representatives of said decedent or their assignees unless notice of the time and place of such intended delivery or transfer be served upon the county treasurer by said company, bank, institution, person or persons, at least five days prior to the said delivery or transfer. And it shall be lawful for the said county treasurer and is hereby made his duty personally or by representative, to examine said securities or assets at the time of or prior to such, delivery or transfer. Failure to serve such notice or to allow such examination on the delivery or transfer herein prohibited, shall render such safe deposit company, bank, or other institution, person or persons liable to the payment of the tax due or to become due upon said securities or assets in pursuance of the provisions of this act."

The part printed in italics was no part of the section as originally enacted; it was inserted by amendment in 1903.

1. It will not be necessary for us to discuss the question raised by appellant, that no liability is imposed upon the defendant at common law to pay this tax, because the entire contention of the attorney general is that the liability is one imposed by statute.

2. This brings us to the consideration of the main question in the case. The appellant does not question the right of the State to inhibit a corporation organized under its laws from registering a transfer of its stock upon its books under the pain of liability to pay the inheritance tax, if any is due thereon. The question is, Has the State done so? It is the claim of the appellant that neither the statute under which the defendant was organized nor its by-laws, nor both combined, give the corporation control of the stock of its stockholders. It is urged that the title to stock may be transferred by an assignment and delivery of the stock certificate, and that the transfer of such stock upon the books of the company is not necessary to effect such transfer of title, and the following cases are cited in support of this position:

*Mandelbaum* v. *Mining Co.*, 4 Mich. 465; *Newberry* v. *Manufacturing Co.*, 17 Mich. 141; *McLean* v. *Medicine Co.*, 96 Mich. 479 (56 N. W. 68), and cases cited; *May* v. *Cleland*, 117 Mich. 45 (75 N. W. 129, 44 L. R. A. 163); *Rough* v. *Breitung*, 117 Mich. 48 (75 N. W. 147); *Foster* v. *Row*, 120 Mich. 1 (79 N. W. 696, 77 Am. St. Rep. 565); *Michigan Trust Co.* v. *Comstock*, 123 Mich. 689 (82 N. W. 527); *May* v. *McQuillan*, 129 Mich. 392 (89 N. W. 45); *Lufkin Rule Co.* v. *Secretary of State*, 163 Mich. 30 (127 N. W. 784).

The attorney general does not question the authorities above cited by appellant, but claims that there are intervening superior rights or equities of the State here which render them inapplicable. If there are any such superior rights or equities, it is conceded that the same are based upon or grow out of the very terms of the statutes that we are here considering. In other words, the right to maintain this action, if it exists, is because of the statutory liability of the defendant in this case. If no such statutory liability exists, then the State has no intervening superior rights or equities.

We are of the opinion that the provisions of section 9, above quoted, are not applicable to this defendant, because it is not a safe deposit company, trust company, bank, or other institution or person *holding securities or assets of the decedent, or controlling the same.* In no just sense can it be said that the defendant holds or controls the stock upon which the inheritance tax, sought to be imposed here, is chargeable.

We are of opinion that the defendant is not liable to pay this tax, because no such liability is imposed by the statute. It cannot be said that the defendant either "had control over" the stock in question, or "held" it. Stock in a corporation, absolutely owned by an individual, is his own property, which he may

sell or dispose of as he sees fit, and the corporation has no "control over" it, nor does the corporation "hold" it, within the meaning of the statute. The statute enumerates the persons liable to pay the tax, and does not include the defendant. We think that this conclusion is in harmony with the history of the legislation imposing the so-called inheritance tax. We said in *Re Stanton's Estate*, 142 Mich. 491, 495 (105 N. W. 1122), in speaking of the statute imposing the tax:

"The statute is adopted, together with a judicial interpretation of the language above quoted, from the State of New York."

The New York legislation upon this subject has been as follows: By section 11 of chapter 483 of 1885, being the 108th session of the legislature of that State, it was provided:

"Whenever any foreign executor or administrator shall assign or transfer any stocks or loans in this State, standing in the name of a decedent, or in trust for a decedent, which shall be liable to the said tax, such tax shall be paid to the treasurer or comptroller of the proper county on the transfer thereof, otherwise the corporation permitting such transfer shall become liable to pay such tax, provided that such corporation has knowledge before such transfer that said stocks or loans are liable to said tax."

By this early New York statute, liability to pay the tax was thus, in express terms, imposed upon the corporation that made the transfer of the stock upon its books. But this law was again amended in 1892, as appears by section 9 of chapter 399 of the 115th session of the legislature of New York. That section reads as follows:

"If a foreign executor, administrator or trustee shall assign or transfer any stock or obligations in this State standing in the name of a decedent, or in trust for a decedent, liable to any such tax, the tax shall be paid to the treasurer of the proper county or

the comptroller of the city of New York on the transfer thereof. No safe deposit company, bank or other institution, person or persons holding securities or assets of a decedent, 'shall deliver or transfer the same to the executors, administrators or legal representatives of said decedent unless notice of the time and place of such intended transfer be served upon the county treasurer or comptroller at least five days prior to the said transfer. And it shall be lawful for the said county treasurer or comptroller, personally or by representative, to examine said securities or assets at the time of such delivery or transfer. Failure to serve such notice or to allow such examination shall render said safe deposit company, trust company, bank or other institution, person or persons liable to the payment of the tax due upon said securities or assets in pursuance of the provisions of this act."

The provisions of the section of the Michigan inheritance tax law of 1903 are substantially the same as the last above-quoted statute of New York; but the legislature of New York, in 1902, again amended the law. See Laws of New York, 125th Session, vol. 1, p. 352. We quote that statute even at the risk of ·prolixity. It is as follows:

"SEC. 228. Liability of Certain Corporations to Tax. If a foreign executor, administrator or trustee shall assign or transfer any stock or obligations in this State standing in the name of a decedent, or in trust for a decedent, liable to any such tax, the tax shall be paid to the treasurer of the proper county or the State comptroller on the transfer thereof. No safe deposit company, trust company, corporation, bank or other institution, person or persons having in possession or under control securities, deposits or other assets of a decedent, *including the shares of the capital stock of, or other interests in, the safe deposit company, trust company, corporation, bank or other institution making the delivery or transfer herein provided,* shall deliver, or transfer the same to the executors, administrators or legal representatives of said decedent, or upon their order or request, unless

177 MICH.—30.

notice of the time and place of such intended delivery or transfer be served upon the State comptroller at least ten days prior to said delivery or transfer; nor shall any such safe deposit company, trust company, corporation, bank or other institution, person or persons deliver or transfer any securities, deposits or other assets of the estate of a nonresident decedent including the shares of the capital stock of, or other interests in, the safe deposit company, trust company, corporation, bank or other institution, making the delivery or transfer, without retaining a sufficient portion or amount thereof to pay any tax and penalty which may thereafter be assessed on account of the delivery or transfer of such securities, deposits or other assets *including the shares of the capital stock of or other interests in, the safe deposit company, trust company, corporation, bank or other institution making the delivery or transfer,* under the provisions of this article, unless the State comptroller consents thereto in writing. And it shall be lawful for the said State comptroller, personally, or by representative, to examine said securities, deposits, or assets at the time of such delivery or transfer. Failure to serve such notice and to allow such examination, and to retain a sufficient portion or amount to pay such tax and penalty as herein provided, shall render said safe deposit company, trust company, corporation, bank or other institution, person or persons liable to the payment of three times the amount of the tax and penalty due or thereafter to become due upon said securities, deposits or other assets, including the shares of the capital stock of, or other interests in, the safe deposit company, trust company, corporation, bank or other institution, making the delivery or transfer; and the payments as herein provided shall be enforced in an action brought in accordance with the provisions of section two hundred and thirty-five of this chapter."

It therefore appears that section 9 of the Michigan law was substantially the law of New York as passed in 1892. Were our statute like the section last above quoted, there would be no question as to the liability of the defendant, because that statute imposed upon a

corporation, making a transfer of its own stock upon its books, a liability for the payment of the tax; but the legislature of this State has not seen fit to adopt the last legislation of New York in that behalf.

It therefore appears to us that the liability here sought to be enforced is purely statutory; that the statute enumerates the persons liable to pay the tax, and by implication excludes the defendant; that it does not own, hold, or control the stock upon which the inheritance tax is sought to be collected; that such stock was the absolute property of the testator, by virtue of whose will it was transferred to his legatee, and the transfer registered upon defendant's books; that defendant had no option, discretion, or control in the matter; that the defendant is not within the purview of the statute, and therefore that the judgment of the circuit court was erroneous, and will be reversed, and no new trial granted, but without costs.

STEERE, C. J., and MOORE, BROOKE, OSTRANDER, and BIRD, JJ., concurred. MCALVAY and KUHN, JJ., did not sit.