No. 25,700.

The C. M. Condon & Company State Bank, R. T. Kreipe, Receiver, et al., *Appellees*, v. S. C. Richardson, *Appellant*.

SYLLABUS BY THE COURT.

1. Banks and Banking—*Insolvent Bank—Assets Insufficient to Pay Liabilities —Right of Receiver to Enforce Stockholder's Liability.* In an action by a receiver of an insolvent bank to collect on the liability of the bank's stockholders, it was a sufficient showing that it appeared to the receiver that the assets of the bank were insufficient to pay its liabilities.

2. Same—*Bank Stock—Assigned—Not Transferred on Stock Book—Shareholder Liable.* To effect an assignment and disposition of shares of capital stock in a bank so as to release the assignor from the superadded liability of shareholders fixed by law, he must procure a transfer of the stock on the books of the bank in accordance with the provisions of the banking act. Following *Bank v. Strahan*, 89 Kan. 577, 132 Pac. 200.

3. Same—*Payment of Personal Debts by Managing Officer of Bank.* The managing officer of a bank has no authority to pay his individual debt by executing a deposit slip to his creditor and permitting the creditor to exhaust the amount evidenced by the deposit slip by checks which are paid, the bank having received nothing of value in the transaction.

4. Same—*Personal Interest of Cashier—Notice Imputed to Creditors.* The fact that the cashier is personally interested in the transaction of the character described is sufficient to put his creditor upon inquiry as to the actual extent of the former's power. Following *Hier v. Miller*, 68 Kan. 258, 75 Pac. 77.

Appeal from Labette district court; Elmer C. Clark, judge. Opinion filed February 7, 1925. Affirmed.

*Archie D. Neale,* of Chetopa, and *E. L. Burton,* of Parsons, for the appellant. *Elmer W. Columbia,* of Oswego, for the appellees.

The opinion of the court was delivered by

Hopkins, J.: The plaintiffs recovered on two causes of action: First, on the defendant's liability as a stockholder; second, on account of moneys paid out of the bank's funds for defendant's stock which he had sold to the managing officer of the bank. The defendant appeals.

The facts are substantially as follows: The defendant owned ten shares of stock in the plaintiff bank. On October 19, 1921, he sold his stock to W. E. Davis, managing officer of the bank. He surrendered his stock certificates to Davis, who agreed to have the stock

transferred on the books of the corporation. Later, on inquiry by the defendant, Davis informed him that his stock had been transferred on the books of the bank. The bank was closed several months thereafter, when it was learned that the stock in question had not been transferred on the books of the bank. It appeared also that Davis had placed a note in the bank in the sum of $1,340, made out on the typewriter and signed "Condon Bank Stock Bought Account." The note was attached to the defendant's stock certificate, was given a number, and was carried in the assets of the bank. The bank had held a $200 note of the defendant. On the date of the sale by the defendant to Davis of his stock, the defendant's account was credited with the sum of $1,140 and the note which he owed the bank was shown to have been paid. At the same time the defendant's note was surrendered to him and a deposit slip was given him for $1,140. The latter amount he checked out before the bank went into liquidation.

1. The defendant's first contention is that the receiver could not maintain the action to enforce the liability of a stockholder unless there was an affirmative showing that the bank was so involved that it was necessary to enforce the stockholders' double liability. The statute reads:

"At any time after the closing of any incorporated bank if it shall appear to the receiver thereof that the assets of such bank are insufficient to pay its liabilities, it shall be the duty of such receiver to immediately institute proper proceedings, in the name of the bank, for the collection of the liability of the stockholders of such bank." (R. S. 9-156.)

The petition alleged the necessary facts, and there was testimony that the assets were insufficient to pay the liabilities. No more was necessary as a prerequisite to recover from the stockholder on his double liability.

2. The defendant contends that he did all that a reasonably careful and prudent man could do to have the stock transferred on the books of the bank, and that he should not be held liable for the dereliction of Davis, the managing officer, in failing to enter the transaction upon the proper books of the corporation. He cites substantial authorities to sustain this position. Similar questions have been considered by this court. (See *Plumb v. Bank of Enterprise,* 48 Kan. 484, 29 Pac. 686; *Henley v. Myers,* 76 Kan. 723, 93 Pac. 173.)

In *Bank v. Strachan*, 89 Kan. 577, 132 Pac. 200, it was said:

"To effect an assignment and disposition of shares of capital stock in a bank so as to release the assignor from the superadded liability of shareholders fixed by law, he must procure a transfer of the stock on the books of the bank in accordance with the provisions of the banking act." (Syl.)

This language appears in the opinion:

"An unregistered transfer of stock would not be invalid as between vendor and vendee (*Culp v. Mulvane*, 66 Kan. 143, 71 Pac. 273), but creditors, stockholders and everyone dealing with the bank may resort to the stock register to ascertain who are entitled to the rights and subject to the liabilities of stockholders, and if a holder of stock disposes of his shares without taking steps to register the transfer and negligently allows it to stand upon the books in his own name he is not released from liability, whoever may be the purchaser." (p. 582.)

It was the defendant's duty to follow up the transaction and, if necessary, compel a transfer on the books of the bank. He did not do so. It is perfectly apparent that he trusted Davis to do it, and it was not done. He received the bank's money in payment for his stock and received back his note of $200 which he was owing to the bank. This was sufficient to put him on notice that Davis was paying him with the bank's money and property.

3. The plaintiff recovered judgment for the $1,340 in addition to defendant's liability on his stock, the recovery being grounded upon the fact that the property received by him was the property of the bank. The recovery was in accord with the rule in this state.

In *Hier v. Miller*, 68 Kan. 258, 75 Pac. 77, it was said:

"The cashier of a bank organized under the laws of this state has no implied authority to pay his individual debt by entering the amount of it as a credit upon the pass-book of his creditor, who keeps an account with the bank, and permitting the creditor to exhaust such account by checks which are paid, the bank having received nothing of value in the transaction. . . . If the cashier of a bank, without actual authority so to do, undertakes to pay his individual debts in the manner stated, the bank may recover of his creditor the amount of money paid on checks drawn upon the faith of the unauthorized pass-book entries. . . . The fact that the cashier is personally interested in a transaction of the character described is sufficient to put his creditor upon inquiry as to the actual extent of the former's power." (Syl.)

In the opinion it was said:

"The cashier had a right to dispose of the funds of the bank for purposes contemplated by its charter. For this his office is a warrant of authority. But he could not absorb the funds of the bank in the satisfaction of his private debts without an express and especial authorization. The office of

cashier does not import such power. Whether or not such authority actually did exist the defendant was bound to inquire. It has been well understood from of old that no man can serve two masters. He will hold either to one or to the other. For a like reason the cashier could not serve both himself and the bank in a single transaction, and because he was attempting such a perilous thing the defendant was put upon guard as to the extent of his power." (p. 260. See, also *Washbon v. Hickson,* 87 Kan. 310, 124 Pac. 366; *Epley v. Bank,* 104 Kan. 489, 180 Pac. 187.)

The judgment is affirmed.