Riverdale State Bank v. Schmidt.

---

No. 26,923.

The Riverdale State Bank, *Appellant,* v. E. H. Schmidt, *Appellee.*

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

Banks and Banking — *Stock* — *Certifying Transfer to Bank Commissioner.* There was evidence which tended to show that the bank commissioner by correspondence was informed of a transfer of the stock by the defendant. There was evidence to show that the transfer had not been formally certified to the bank commissioner. *Held,* that the failure to formally certify the transfer of the stock did not render the transfer invalid.

Appeal from Harper district court; George L. Hay, judge. Opinion denying a rehearing filed May 7, 1927. (For original opinion of affirmance see *ante,* p. 39.)

C. H. Brooks, Willard Brooks, Howard T. Fleeson, all of Wichita, and Vernon Day, of Anthony, for the appellant.

P. D. Gardiner, A. W. Hershberger, both of Wichita, Harry B. Davis and Donald Muir, both of Anthony, for the appellee.

The opinion of the court was delivered by

Marshall, J.: An opinion in this action was filed March 12, 1927. The court in the third paragraph of the syllabus said, "There was no evidence to show that the transfer had not been formally certified to the bank commissioner." A corresponding statement was made in the opinion. A motion for rehearing has been filed in which the correctness of that statement is challenged. An examination of the abstract reveals that the transfer of stock was not certified to the banking department.

The correctness of another part of the statement contained in the third part of the syllabus is challenged. That statement reads, "There was evidence to show that the bank commissioner by correspondence had been notified of the transfer of the stock owned by the defendant." The abstract of the evidence shows that there was correspondence between C. E. Swartzendruber, the purchaser of the

---

Banks and Banking, 7 C. J. p. 496 n. 16 new.

stock from the defendant, and the bank commissioner concerning the purchase of that stock by Swartzendruber and that the bank commissioner's office knew of the purchase of stock by Swartzendruber. It appears from that correspondence that the purchase of the stock by him would have been satisfactory to the bank commissioner's department if Swartzendruber had made a satisfactory financial statement concerning himself.

Section 9-102 of the Revised Statutes provides that the charter of an incorporated bank "shall contain the names and places of residence of its stockholders and the amount of stock subscribed by each." Section 9-153 of the Revised Statutes provides that all transfers of stock shall be certified to the bank commissioner immediately. No specific penalty is provided for a failure to comply with that provision of the statute. Section 9-130 of the Revised Statutes in part reads:

"If upon examination by the state bank commissioner . . . it shall appear that any bank is insolvent or has willfully violated any requirement of the act to which this is amendatory, it shall be the duty of the bank commissioner to immediately take charge of such bank and all property and effects thereof."

The law does not give to the bank commissioner either the power or the authority to say who shall or shall not be stockholders in an incorporated state bank. For the purpose of administering the banking laws of the state, it is necessary for the bank commissioner to know who are the stockholders of such banks and to know something of the financial responsibility of those stockholders. These statutes provide the way by which the bank commissioner shall be given this information. A bank in a precarious condition, whose stockholders are all financially responsible, would be in a very different situation from a bank in the same financial condition, whose stockholders are all insolvent and irresponsible. But this does not give the power to the bank commissioner to say who shall or shall not be stockholders.

The issue to be determined in this action is not whether the transfer of stock was certified to the bank commissioner, but is whether the stock was transferred when the bank was in a failing condition or its capital was impaired. That was a question of fact to be found by the jury from the evidence under proper instructions, and so far as this court is concerned, it was disposed of by the former opinion, which is adhered to.

The motion for a rehearing is denied.