No. 29,477.

THE MIDWEST STATE BANK of Fort Scott, *Appellant*, v. J. G. SANDIDGE, Administrator of the Estate of Florence M. Sandidge, Deceased, *Appellee*.

(291 Pac. 766.)

Opinion filed October 11, 1930.

*Harry Warren*, of Fort Scott, for the appellant.

*Phil H. Callery, James E. Callery* and *Caroline Lowe*, all of Pittsburg, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover the statutory liability on thirty-six shares of stock in the Midwest State Bank, which became insolvent on February 24, 1927.

The controlling facts were presented by the litigants without controversy. It appears that the bank was organized in Fort Scott in May, 1920. In August, 1920, two certificates of stock, one for twenty-five shares and another for eleven shares, were issued to one Mary D. Miller. Sometime in 1920 she assigned and delivered to her daughter, Florence M. Sandidge, these stock certificates. Mrs. Miller died in September, 1923; Florence died in September, 1924; and J. G. Sandidge, surviving husband of Florence, was appointed and qualified as administrator of his wife's estate. Among the assets

of that estate were these two certificates of stock, and they were listed as such. Sandidge, as administrator, included them in the inventory and appraisal of the property of the estate of Florence for the purpose of showing what inheritance tax, if any, was owing from her estate. While the stock certificates had been assigned and delivered to Florence in her lifetime, the transfer thereof had never been recorded in the books of the banking corporation, and the record thereof showed the stock still standing in the name of the deceased, Mary D. Miller, mother of Florence, when the bank became insolvent in 1927.

The trial court ruled that the estate of Florence was not subject to the statutory liability, and the correctness of that ruling is the single question to be determined in this appeal.

Who owned these thirty-six shares of bank stock? In 1920 Mrs. Miller, by assignment and delivery, gave them to her daughter Florence. As against the bank this transfer would not be valid if Mrs. Miller was indebted to the bank. or otherwise liable to it (R. S. 9-153), but as between mother and daughter the transfer of title was valid. (*Culp v. Mulvane,* 66 Kan. 143, 152, 71 Pac. 273; *Mitchell v. Beachy,* 104 Kan. 445, 179 Pac. 365. See, also, *Bank v. Potter,* 100 Kan. 407, 164 Pac. 149; *Riverdale State Bank v. Schmidt,* 123 Kan. 403, 256 Pac. 161.) Being the owner and holder of the stock, can the daughter or the daughter's estate avoid the superadded statutory liability because of the mere fact that the transfer of the stock had not been made on the books of the bank? We think not. Mayhap the mother's estate could also be held liable, but the primary concern of the statute relating to the liability attaching to the ownership of bank stock is to safeguard the interest of the bank's depositors and creditors, and that purpose is not to be defeated by the failure of the parties to the transaction to record the transfer on the books of the corporation. So far as necessary to satisfy the superadded statutory liability the insolvent bank and those acting in its behalf may look to the actual owner or the record title holder and leave these parties to adjust the matter in their own way. In *Street Railway Co. v. Railroad Co.,* 100 Kan. 83, 163 Pac. 1067, one of the defenses to an action to recover on an assignment upon the shares of a corporation was that the shares had not been transferred on the stock record of the company. In disposing of that defense this court said:

"A transfer of corporate stock on the books of the company ordinarily is necessary to relieve the seller from liability upon his subscription and may be

necessary to render the buyer chargeable therefor. (1 Cook on Corporations, 7th ed., § 258, p. 737.) But even where such transfer has not been made, if the corporation and the buyer by any unequivocal act, such as the payment and acceptance of a dividend, indicate a recognition of his having become a stockholder, the seller is released and the buyer becomes liable. (1 Cook on Corporations, 7th ed., § 258, p. 739; Note, 14 Ann. Cas. 898, 900; *Foster v. Row*, 120 Mich. 1, 16. See, also, *Robinson-Pettit Co. v. Sapp*, 160 Ky. 445; *Basting v. Northern Trust Co.*, 61 Minn. 307.)" (p. 87.)

In *Foster v. Row*, 120 Mich. 1, 77 A. S. R. 565, the receiver of an insolvent bank brought an action to recover on a stockholder's liability. One of the defendants had purchased five shares of the bank stock which had been assigned in blank by the former owner. Defendant obtained possession of the assigned certificate, put it up with the bank as collateral security to his promissory note. When the bank failed some ten months later he sought to avoid liability on the ground that the record of the transfer of the five shares had never been made on the books of the bank. The court held:

"A purchaser of bank stock deposited it as collateral with the bank for a loan, with which the stock was purchased; but, on repayment of the loan, the bank having suspended, he refused to take the stock. *Held*, that he was the owner of it, and individually liable, notwithstanding the stock had never been transferred to him on the books of the bank." (Syl. ¶ 6.)

In the opinion it was said:

"The defense now made is that, in enforcing the liability of stockholders, the court will not go beyond the registered holders. There is no doubt, under this state of facts, that Mr. Mifflin was the owner of the stock, and could have compelled a transfer upon the books of the bank. He became a stockholder, had the right to attend meetings and to share in the profits, and, in fact, was entitled to the rights of every other stockholder (*McLean v. Charles Wright Medicine Co.*, 96 Mich. 479). Being entitled to all the rights of a stockholder, he cannot escape the liability of such stockholder. The mere fact that the stock had not been transferred on the books of the bank cannot aid the defendant. The stock was fully paid for, and Mifflin was a stockholder within the meaning of the banking act, and the court below was not in error in so holding." (p. 16.)

In construing the federal statute, which on this feature is substantially like our own, the supreme court of the United States has repeatedly declared that the beneficial owner of stock may be subject to a shareholder's liability to creditors of an insolvent national bank although the stock is registered in the name of another person. (*Anderson v. Philadelphia Warehouse Co.*, 111 U. S. 479, 483, 28 L. Ed. 478, 481; *Pauly v. State Loan & Trust Co.*, 165 U. S. 606, 41 L.

Ed. 844.) The court referred to these cases in *Ohio Valley Nat. Bank v. Hulitt,* 204 U. S. 162, 51 L. Ed. 423, and said:

"And in *Rankin v. Fidelity Ins. Trust & S. D. Co.,* 189 U. S. 242, 252, 47 L. Ed. 792, 796, 23 Sup. Ct. Rep. 553, the doctrine was stated that a defendant who was in fact the owner of shares of stock could not avoid liability by listing them in the name of another, notwithstanding it might do so if it were the mere pledgee of the stock; and further, that the case then under consideration turned upon the actual ownership of the shares, which question was properly left to the jury. And to the same effect are well-considered cases in other courts, federal and state. It was held that the real owner might be charged, although his name never appeared upon the books of the bank. (*Davis v. Stevens,* 17 Blatchf. 259, Fed. Cas. No. 3,653, opinion by Mr. Chief Justice Waite; *Houghton v. Hubbell,* 33 C. C. A. 574, 63 U. S. App. 31, 91 Fed. 453; *Laing v. Burley,* 101 Ill. 591; *Lessasier v. Kennedy,* 36 La. Ann. 539.)

"Assuming, then, the established doctrine to be that the mere pledgee of national bank stock cannot be held liable as a shareholder so long as the shares are not registered in his name, although an irresponsible person has been selected as the registered shareholder, we deem it equally settled, both from the terms of the statute attaching the liability and the decisions which have construed the act, that the real owner of the shares may be held responsible, although in fact the shares are not registered in his name. As to such owner the law looks through subterfuges and apparent ownerships and fastens the liability upon the shareholder to whom the shares really belong." (p. 427.)

In *Harris v. Taylor,* 148 Ga. 663, which was an action to recover on the liability attaching to ownership of stock in an insolvent bank, it was held that the receiver may sue the stockholder in whose name the capital stock stands on the books of the corporation at the time of its failure, or he may sue the real owner of the shares of the capital stock of such failed corporation, although such shares stand on the books of the bank in the name of another who in fact has no interest therein.

In *Wright v. Keene,* 82 Mont. 603, the action was by the receiver of a failed national bank to recover from defendant on his liability as an alleged shareholder. Defendant's name did not appear as owner of shares on the bank's books, and on that ground he denied liability. The court held him liable as the real owner on the facts summarized in syllabus 3 of the court's opinion thus:

". . . Where a father prior to his death transferred to his son a certain number of shares of national bank stock with the instruction not to have it transferred on the books of his bank until his death and upon his death the donee presented it for registration which was refused, nothing thereafter being done to compel registration, and the bank thereafter became insolvent, the court in an action by the receiver against the donee to recover an assessment

levied on the shares held by him as stockholder properly decided that defendant was the real owner of the shares, though not registered in his name, and as such liable for the assessment."

Against these persuasive precedents counsel for appellee seek to justify the trial court's ruling with a long table of cases, including a good many of our own, like *Bank v. Strachan,* 89 Kan. 577, 132 Pac. 200, and *State Bank v. Richardson,* 117 Kan. 695, 232 Pac. 1070, which hold that the person in whose name the stock stood on the books of the bank at the time of its insolvency is liable under the statute. Those decisions are all right, but none of them intimates that the superadded statutory liability can only be imposed on the record title holder of the stock and that the real owner can escape such liability on the mere ground that his ownership was not evidenced by a transfer entry in the stock register of the banking corporation.

The judgment of the district court is reversed and the cause remanded with instructions to enter judgment for plaintiff.